## COMMONWEALTH ROOFING COMPANY

*v.*

## MICHAEL RICCIO.

[Argued March 6th, 1913.  Decided June 18th, 1913.]

1. The court of chancery has no jurisdiction to entertain a suit for the enforcement of the claim of a laborer or materialman against the owner of a building under the third section of the Mechanics' Lien law, that jurisdiction residing solely in the law courts.

2. Where such a suit is commenced in the court of chancery, an order by that court is rightly made transferring the same to the proper law court under the Transfer of Causes act.  *P. L. 1912 p. 417.*

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Garrison, whose opinion is reported *ante p. 315.*

*Mr. Richard Boardman,* for the appellant.

*Mr. Horace L. Allen,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant, having done work and furnished material in the construction of a building which was being erected under a contract in writing, and on file, made by the defendant with one Vallario, and payment for such work and materials not having been made to it by the contractor, served a stop-notice upon the defendant under the third section of the Mechanics' Lien law. The defendant having refused to recognize the validity of the complainant's claim by payment thereof, the present bill was filed for the purpose of foreclosing what is called a lien upon the funds in the hands of the defendant, and due to the contractor at the time of the serving of the stop-notice. A

motion having been made on behalf of the defendant to dismiss the bill for want of jurisdiction, upon the ground that the remedy given to the laborer and materialman by the statutory provision referred to was only enforceable by an action at law, and not by bill in equity. The learned vice-chancellor who heard the application overruled it, holding that equity had concurrent jurisdiction in such matters. Having so held he thereupon, on his own motion, ordered that "the cause with the record thereof and all papers filed therein be transferred to the Hudson county circuit court for hearing and determination pursuant to the provisions of 'the Transfer of Causes act (1912).'" The complainant now seeks a review of this order upon the single ground that as it claims the court of chancery should have retained jurisdiction of the cause and proceeded to final decree upon the merits.

The title of the act referred to by the vice-chancellor as the basis of his action is "An act to provide for the transfer of causes by and between the court of chancery and the supreme court or circuit courts or courts of common pleas." *P. L. 1912 p. 417.* The act itself provides that

"no civil cause or matter hereafter pending in any court mentioned in the above title which has not jurisdiction of the subject-matter shall be dismissed for that cause only, but the cause or matter shall be transferred with the record thereof, and all papers filed in the cause, for hearing and determination to the proper court, which shall thereupon proceed therein as if the cause or matter had been originally commenced in that court. The record shall, when necessary, include a transcript of all entries and proceedings in the cause. Such transfer may be made at any stage of the proceedings, and upon, or without, application."

A reading of this enactment discloses at once that if the court below was right in considering that it had jurisdiction of the subject-matter of this litigation, the order appealed from cannot be justified, for the statute permits the transfer of a cause from the court of chancery to a law court only when it "has not jurisdiction of the subject-matter." The validity of the order must, therefore, depend upon the soundness of the conclusion of the vice-chancellor upon the question of jurisdiction.

Had, then, the court of chancery jurisdiction of the subject-matter of this litigation? We think not. Under the Mechanics'

Lien law the right of the original contractor to recover the contract price of the building from the owner is a legal right, and is only enforceable in courts of law. It is expressly so provided in the act itself. The giving of the notice provided by the third section of the act "operates as an assignment *pro tanto* of the debt due from the owner to the contractor." *Carlisle* v. *Knapp, 51 N. J. Law (22 Vr.) 331.* "The object of the provisions is to substitute a claim upon the funds belonging to the contractor for the lien of the laborers and materialmen upon the building and land in cases where that lien was taken away by the filing of the contract pursuant to section 2 of the act." *Gardner & Meeks Co.* v. *Herold, 76 N. J. Law (47 Vr.) 529, 530.* "Upon the giving of the notice provided by it the workman or materialman, to the extent of his demand, takes the place of the contractor." *Reeves* v. *Elmendorf, 38 N. J. Law (9 Vr.) 130.* That an action at law by the laborer or materialman against the owner is a proper method of enforcing the right given by this section has never been a matter of doubt since the decision by this court in *Craig* v. *Smith, 37 N. J. Law (8 Vr.) 549,* as elaborated by Chief-Justice Beasley in *Reeves* v. *Elmendorf, supra.* That it is the only method is clear, we think, from the extracts from the opinions cited; for, being the assignee *pro tanto* of the debt due from the owner to the contractor—taking the place of the contractor to the extent of his demand—the laborer or materialman is entitled to the same remedy for the collection of his·debt, for the enforcement of his demand, that the statute gives the contractor (except as otherwise provided in the statute), and to no other. If the matter of jurisdiction was one of doubt originally, the fact that, from the date of the enactment in 1853 down to the time of the filing of the present bill, every proceeding brought by a laborer or a materialman under the third section of the act for the collection from the owner of a debt due to him from the contractor has been by an action at law, and never by a bill in equity, would settle the construction to be given to the statute upon the question of the forum in which the laborer or materialman was required to prosecute his remedy; for whenever there is a debatable question as to the proper construction of a statutory provision, the contemporaneous and long continued exposi-

tion exhibited in the usage and practice under it requires the construction thus put upon it to be accepted by the courts as the true one. *State* v. *Kelsey, 44 N. J. Law (15 Vr.) 1; Fritz* v. *Kuhl, 51 N. J. Law (22 Vr.) 191, 200; McNeal Pipe Co.* v. *Lippincott, 57 N. J. Law (28 Vr.) 540.*

The finding of the court of chancery that it had jurisdiction to enforce the complainant's claim against the defendant being erroneous, and that jurisdiction residing solely in the law courts, the order transferring the cause to the Hudson circuit court will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, PARKER, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER—11.

*For reversal*—None.