JOSEPH H. CARR, PROSECUTOR, v. BOROUGH OF MER-CHANTVILLE, TOWNSHIP OF PENSAUKEN, MER-CHANTVILLE-PENSAUKEN WATER COMMISSION, WIL-LIAM F. McALLISTER, FRANK B. GAIL, JOHN H. ANNIS, LEWIS T. BOYNTON, THOMAS J. YOUNG, MERCHANT-VILLE WATER COMPANY, CHARLES S. BALL, CLERK OF THE BOROUGH OF MERCHANTVILLE, RESPOND-ENTS.

Argued May 24, 1926—Decided May 24, 1926.

1. The provisions of chapter 195 of the laws of 1923, providing the procedure for different municipalities to join together for the pur-pose of purchasing a water company which is serving those municipalities in the capacity of a private corporation do not contravene articles 19 and 20 of section 1 of the constitution, prohibiting municipal bodies from giving any money or property, or from loaning money or credit in aid of any individual, asso-ciation or corporation or from donating money or land for the use of any society, association or corporation, in that municipalities obtain a benefit by the purchase of a water company.
2. The title of chapter 195 of the laws of 1923 is not in conflict with the provisions of section 7 of article 4 of the state constitution, which provides that every law shall embrace but one object, which shall be expressed in the title.
3. Laches considered.

---

On rule to show cause for *certiorari.*

For the rule, *Joseph H. Carr, pro se.*

For the borough of Merchantville, *Edward I. Berry.*

For the township of Pensauken, *Albert E. Scheflin.*

For the Merchantville-Pensauken Water Commission, *Edward I. Berry* and *Albert E. Scheflin.*

For the Merchantville Water Company, *Lewis Starr.*

The opinion of the court was delivered by

KATZENBACH, J.  This is an application for a writ of *certiorari* to remove the proceedings relative to the appointment of a commission under chapter 195 of the laws of 1923. There has also been made another application to remove an ordinance for the issuance of bonds and other matters growing out of the appointment of the commission. The applicant for the writs of *certiorari* is Mr. Joseph H. Carr, counselor-at-law of this state, who makes the application as a resident and taxpayer of the borough of Merchantville.

The facts leading up to the applications are briefly as follows: The borough of Merchantville and township of Pensauken, and some other municipalities in the vicinity of these two municipalities, have been served for some time past by a water company known as the Merchantville Water Company. The borough of Merchantville especially, and also in a measure the township of Pensauken, felt that it was advisable that the property of the Merchantville Water Company should be purchased by the municipalities. Under an act known as chapter 195 of the laws of 1923, it is provided that where different municipalities desire to join together for the purpose of purchasing a water company which is serving the municipalities in the capacity of a private corporation, the municpalities may join together and obtain from a justice of the Supreme Court the appointment of a commission to acquire the water works. Whether the municipalities shall or shall not enter into such an arrangement is, of course, voluntary with the governing bodies of the municipalities.

In the present case, the borough of Merchantville took the initiative in this matter. By the provisions of chapter 195 of the laws of 1923 it is provided that all the municipalities that may be interested in the matter shall be notified in writing sixty days before the application to the justice of the Supreme Court who is asked to appoint the commission. In the present case the record discloses that a notice in writing was mailed by the clerk of the borough of Merchantville by addressing an envelope to the clerk of each of the municipalities. This notice appears to have been mailed, according to testimony, on November 10th, 1925, from the city of Philadelphia. The application was to be made at Camden on January 11th. If the notice in writing was promptly delivered, it would have been delivered prior to sixty days. There is, however, in the proofs taken, some question as to whether or not the notice in writing was received sixty days prior to the application to be made to me on January 11th, 1926, at Camden. The proofs are lacking as to the date of the receipt of the notice. As I recall the proofs, there may be some testimony from which it can be inferred that the notice in writing was not received in time to give sixty full days before January 11th, 1926. The notice, however, was received by each of the municipalities interested. There were only two municipalities who chose to act in the matter of the purchase of this water plant. The two municipalities interested were the borough of Merchantville and the township of Pensauken. The other municipalities receiving the notice signified that they did not care to join in the appointment of a commission which would, for the municipalities interested, purchase or enter into negotiations for the purchase of the water company or take measures through condemnation for its acquisition.

The point is now made that the notice had to be served upon these different municipalities, and as I gather it from the brief of the prosecutor, which is quite full upon all the points considered, the contention is that the service should have been made upon the mayors of the municipalities. I do not take this view of it. In the first place it seems to me that this is not a question of service such as is referred to in

the case of *Wilson* v. *City of Trenton, in* 53 *N. J. L.* 178; *Ibid.* 645. I think that the municipalities were notified in writing of this application. The fact that only two of the municipalities chose to come into the scheme seems to me to place the other municipalities out of the consideration of this question as to the notice in writing.

With reference to the borough of Merchantville and the township of Pensauken, which were the acting municipalities, if there was any defect at all in the notification which they received, I have reached the conclusion that this was waived by the action which they took. I do not think that jurisdiction depends upon the notice having been received by all the municipalities sixty days prior to the application. I think that if all the parties interested waived the notice, this is a sufficient compliance with the requirement of the statute. The two municipalities mentioned were the only parties, so far as I can see, that were interested in this matter.

The prosecutor raises two constitutional questions which he thinks are arguable questions. I have reached the conclusion that they are not arguable questions in my opinion. The first one is that by the appointment of a commission and by the action of the commission in the purchase of a water company the credit of one municipality is pledged for the payment of obligations that are entered into jointly with another municipality, and that that is in contravention of articles 19 and 20 of section 1 of the constitution as amended in the year 1875.

Section 19 provides that: "No county, city, borough, town, township or village shall hereafter give any money or property or loan its money or credit to or in aid of any individual, association or corporation, or become security for or be directly or indirectly the owner of any stock or bond of any association or corporation." Section 20 is: "No donation of land or appropriation of money shall be made by the state or any municipal corporation to or for the use of any society, association or corporation whatever."

The reason why those sections were put into the constitution as amended in 1875 was because of a practice that had

grown up very largely in the west in the furtherance of aid to railroads and other private corporations, which, of course, were corporations, it is true, in most instances, affecting the public interest. It seems to me that where municipalities obtain a benefit—and that they obtain by the purchase of a water company—and they issue bonds under this provision, that that is not a violation of sections 19 and 20 of article 1 of the constitution.

The second constitutional point raised is that the proceedings are unconstitutional because they contravene section 7 of article 4 of the New Jersey constitution. Section 7 of article 4 is a section which has very frequently been before this court and has received judicial construction. The section is: "To avoid improper influences which may result from the intermixing in one and the same act such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title." That is all of the section that it is necessary to read in connection with this matter.

The title of this act is as follows: "An act to authorize two or more municipalities in this state by means of a commission to acquire, either by purchase or condemnation, and operate privately owned water works now or hereafter supplying water therein, and in other municipalities, if any, in which water is supplied by the same water works, together with the franchises, rights and any or all other appurtenant property of the owner or owners, of such works and to enlarge and extend the same."

The prosecutor contends that the difficulty with the title of the act is that it is not the municipalities that are purchasing, but that it is a commission which is purchasing, and that the title of the act is not sufficiently clear upon this subject. It seems to me that while it is true that the commission formed under this act is the one that takes title to the water works, if the water works be either purchased or condemned, yet, the commission is nothing but an agency of the municipalities that are engaged in the enterprise, and therefore it seems to me that the object of the act is sufficiently clear with reference to its title.

There are one or two matters to which perhaps attention might be called. I do not think it necessary to pass upon whether the proper remedy in this case is *quo warranto* or *certiorari* so far as the application for the removal of the proceedings relative to the appointment of the commission is concerned. That is a rather perplexing question. Sometimes a writ of *certiorari* can be used for such a purpose; therefore, I will not pass upon that question, feeling that it is unnecessary to do so. But there is one thing which seems to me to be a bar to the granting of this writ, and that is that the prosecutor is in laches.

Of course, laches does not depend altogether upon the lapse of time; it often depends upon whether or not very prompt action is taken. This matter was agitated and it was a matter of public notoriety; after the commission had been appointed, there was a town meeting, so to speak, held in a school house in the township of Pensauken which is contiguous to the territory of the borough of Merchantville. It was held, as my recollection is, although I have not now the testimony before me, on January 21st, 1926. At this meeting the prosecutor was present and the general sentiment expressed at the meeting was in favor of the acquisition of this property if it could be made by purchase. The prosecutor at that time was fully apprised of the fact that this commission had been appointed, and that it was the general consensus of opinion, as expressed at that meeting, that the property of the water company should be acquired. This necessitated very prompt action upon the part of the prosecutor. He waited until the 20th day of February, 1926, before making any application for the writ of *certiorari,* so that over a month elapsed before the application was made. In the meantime, negotiations had been undertaken and a contract had been entered into between the water company and the commission, and I think that the contract had at the time of this application been executed, but the corporate seal of the commission had not been affixed because there had been some delay in obtaining a seal for the commission. During that time the commission had made expenditures; they had made expenditures for the appraisal of the property; they had made ex-

penditures in the matter of printing notices for the meeting; they had also entered into a contract, as my recollection serves me, with a firm of bond attorneys for the purpose of passing upon the validity of these bonds.

When the rule to show cause was made, there was a restraining order embodied in that rule. I recall telling the prosecutor there must be very prompt action in all these matters because this was a matter of very considerable moment and it involved a very considerable sum of money, and it would not be right in my opinion for the people of these municipalities who wanted the acquisition of the property of this water company to be delayed for any very great length of time. The contract also provided for matters which required the expenditure of moneys. There was, however, delay; in the argument of this matter on the return of the rule to show cause on March 1st, counsel desired to submit briefs, and later an application was made and the stay was vacated. That was, of course, a risk, as there was really no opposition to the vacation of the stay, that the prosecutor was assuming, and since that time there have been various proceedings had with reference to the passage of the ordinance for the issue of bonds, the advertisement for the sale of those bonds, the actual sale of them, and a contract has been entered into for the printing of the bonds.

In a case of this kind, the court must look very carefully into the question of laches. It seems to me that there would be a great deal of hardship upon these municipalities if these proceedings were held up, if everything that has been done had to fall down and the expenses had to be paid and perhaps an opportunity lost to purchase this water company at a price for which it could not be obtained later. When I consider the interests of the great number that are involved in this proceeding, I have reached the conclusion that the rules to show cause should be discharged. I cannot myself see any question that is really arguable under the circumstances of the case, and taking into consideration, as I have said, the great number of people that might be inconvenienced, I have reached the conclusion expressed and I will enter orders in both of these applications to that effect.