JOHN F. McHUGH AND PETER CARABELLI, TRADING AS P. CARABELLI BEVERAGE COMPANY, JOINTLY AND IN THE ALTERNATIVE, PLAINTIFFS-APPELLEES, v. IRENE SPOTTS AND HARRY B. SHINN, DEFENDANTS-APPELLANTS.

Submitted October 4, 1938—Decided December 23, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellants, *Davis & Davis*.

For the appellees, *Vincent R. Panaro* (*Hyman Scher*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a replevin suit. The question for decision is whether, at law, a chattel mortgage covering both household goods and other personalty is void in its entirety, or void only as to the household goods, because the wife of the chattel mortgagor did not join in the signing, sealing, execution and acknowledgment thereof as required by *R. S.* 46:28-6.

Plaintiffs had recovered a judgment against defendant Shinn on April 27th, 1938. A constable levied upon property

consisting of household furniture and other property, allegedly belonging to Shinn in order to satisfy that judgment. Defendant Irene Spotts, Shinn's sister, claimed an interest in the property levied upon because she held a chattel mortgage on that property executed by Shinn on July 6th, 1937. Although a proper demand for possession was made by plaintiffs, both defendants refused to comply therewith and the instant suit in replevin was commenced. The trial judge entered judgment in favor of plaintiffs upon the ground that the chattel mortgage was void, since Shinn's wife did not join in its execution although it covered household goods in the use and possession of Shinn's family, and was not a purchase-money mortgage for such household goods and furniture. Defendants appealed and plaintiffs' motion to dismiss that appeal on procedural grounds was unavailing. *McHugh et al.* v. *Spotts et al.,* No. 444, October term, 1938 (Supreme Court), which was not to be published in any report.

Defendants' contention is that the chattel mortgage is void only as to the household goods covered thereby and is not void *in toto.* In support of that contention reliance is placed upon the case of *Green* v. *McCrane,* 55 *N. J. Eq.* 436; 37 *Atl. Rep.* 318. While the actual holding in that case was simply that the affidavit before the court did not show that the household goods were then in the possession of defendant's family, the court did state, by way of *dictum,* that "it would be an absurd construction" to hold that a chattel mortgage covering household goods and other personalty was void in its entirety. When a determination, even though *obiter,* has stood so long (here since 1897) without challenge, it is the settled policy of the law to treat the rule thus laid down as one which the courts will generally accept and not disturb. *"Optimus legis interpres consuetudo."* *Graves* v. *State,* 45 *N. J. L.* 203, 208; *Wallace* v. *Bradshaw,* 54 *Id.* 175, 179; 23 *Atl. Rep.* 759; *Butler* v. *Commonwealth Tobacco Co.,* 74 *N. J. Eq.* 423, 429; 70 *Atl. Rep.* 319; *Commonwealth Roofing Co.* v. *Riccio,* 81 *N. J. Eq.* 486, 488, 489; 87 *Atl. Rep.* 114; *Public Service Railway Co.* v. *Matteucci,* 105 *N. J. L.* 114; 143 *Atl. Rep.* 221. We desire to observe that the statute now before

us is substantially the same as the statute which was before the court in *Green* v. *McCrane, supra.* And it seems to us that the view expressed in Green *v.* McCrane is sound. For, at common law there was no requirement that a wife sign a chattel mortgage covering household goods or any other type of personalty. *Chess* v. *Vockroth, 75 N. J. L.* 665, 673, 674; 70 *Atl. Rep.* 73. Thus the statute imposing that requirement being in derogation of the common law, is to be strictly construed. *Chess* v. *Vockroth, supra; Dunham* v. *Cramer,* 63 *N. J. Eq.* 151, 155; 51 *Atl. Rep.* 1011. And a strict construction of that statute requires that its provisions be limited in their application. A limited application of these provisions impels the conclusion that when, as here, the property covered by the mortgage is clearly divisible into household goods and other personalty, only that portion of the mortgage relating to household goods is void. Such a conclusion gives force to the purpose of the act, namely, the protection of property used in a household by a family, and at the same time protects a chattel mortgagee who, in good faith, advances valuable consideration in return for his preferred lien upon the property.

Accordingly the judgment is reversed and the cause is remanded to the court below, there to be treated consistently with the views herein expressed.