64 N.J. Super. 522 (1960)
166 A.2d 610
NORMAN S. HILL AND BESSIE D. HILL, PLAINTIFFS,
v.
THE CITY OF SUMMIT, A MUNICIPAL CORPORATION OF NEW JERSEY, AND SUMMIT POST 138, AMERICAN LEGION, DEFENDANTS. (CONSOLIDATED WITH) EDWARD H. SMYTHE, ET AL., PLAINTIFFS,
v.
THE CITY OF SUMMIT, A MUNICIPAL CORPORATION OF NEW JERSEY, AND SUMMIT POST 138, AMERICAN LEGION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 21, 1960.
*525 Messrs. Bourne, Schmid, Burke & Noll, attorneys for plaintiffs Edward H. Smythe et al (Mr. Edward T. Kenyon, appearing).
Messrs. Moser, Griffin & Kerby, attorneys for plaintiffs Norman S. Hill and Bessie D. Hill (Mr. John W. Cooper, appearing).
Mr. Peter C. Triolo, attorney for defendant City of Summit.
Mr. Jacob R. Mantel, attorney for defendant Summit Post 138, American Legion.
Mr. Thomas F. Rhodes, Jr., attorney for amicus curiae The American Legion, Department of New Jersey.
Mr. John Tomasin, attorney for amicus curiae Disabled American Veterans, Department of New Jersey.
FELLER, J.C.C. (temporarily assigned).
Plaintiffs commenced this action in lieu of prerogative writs, and in the *526 second count of the complaint as amended by the pretrial order, allege that on or about February 21, 1956 the Common Council of the City of Summit adopted a resolution authorizing the transfer of vacant city-owned property located at the intersection of Risk Avenue, Constantine Place and Passaic Avenue to Post No. 138 of the American Legion; that the conveyance of the said property was made by deed dated April 19, 1956 from the City of Summit to Post No. 138 of the American Legion; that said deed contained a provision whereby the property would revert to the City of Summit if not used for Legion purposes.
Plaintiffs further allege that said property conveyed, when zoned for garden apartment use, is property of substantial monetary value on the open market for sale; that the proceeds of such sale were and are needed for municipal purposes; and that the resolution of the Common Council of the City of Summit, adopted February 21, 1956 and authorizing conveyance of property to the American Legion, is invalid under N.J.S.A. 40:60-40.1, and that said statute under which this conveyance was made is unconstitutional and invalid in violation of Art. VIII, Sec. III, par. 3 of the New Jersey Constitution of 1947.
The plaintiffs move for summary judgment, contending that the conveyance from the City of Summit to Post No. 138 of the American Legion be declared null and void and that the property revert back to the City of Summit, and that the statute under which conveyance was made be declared unconstitutional.
The defendants, the City of Summit and Summit Post No. 138, American Legion, allege that the said conveyance from the City of Summit to the American Legion was pursuant to N.J.S.A. 40:60-40.1 and that the said statute is not unconstitutional and does not violate Art. VIII, Sec. III, par. 3 of the New Jersey Constitution of 1947. The defendants also set up the defense of laches.
By court order dated October 28, 1960, leave was granted to the American Legion, Department of New Jersey, to file *527 a brief as amicus curiae, and leave was also granted other state organizations of nationally chartered veteran groups to appear and consolidate their briefs with that of the American Legion. The Disabled American Veterans, Department of New Jersey, consolidated its brief with that of the Legion.
By agreement of counsel for the parties, the following stipulation was entered into for the purposes of this motion.
"1. Plaintiffs are property owners in, residents of and taxpayers to the City of Summit, New Jersey.
2. Pursuant to written agreement dated November 1, 1929 the City of Summit leased to Post No. 138 of the American Legion a City-owned building at the corner of Broad and Elm Streets.
3. The said lease did not provide for any rent other than the agreement of the tenant to provide janitorial services. The lease further provided that the tenant would furnish labor and the City all materials up to a value of $3,000.00 required for renovation of the building.
4. The said lease was for a period of one (1) year from the date thereof and the Legion remained in possession as a year to year tenant until some time following February 16, 1959, when it was notified by the City that it must vacate the leased premises.
5. On or about February 21, 1956 the Common Council of the City of Summit adopted a resolution authorizing transfer of property located at the intersection of Risk Avenue, Constantine Place and Passaic Avenue in the City of Summit to Post No. 138 of the American Legion. Pursuant thereto, conveyance was made by deed dated April 19, 1956 of the property described in the resolution and now identified as Lot 3-B in Block 109 on the Tax Map of the City, said property containing approximately 1.83 acres.
6. There was no public notice given of the proposed conveyance of City owned property either prior to or after the aforesaid resolution of the Common Council or the conveyance made pursuant thereto, such notice not being required by the applicable statute.
7. As provided in the aforesaid resolution, the consideration passing to the City from Post No. 138 of the American Legion for conveyance of the aforesaid property was the sum of $10.00.
8. Prior to the conveyance the City of Summit did not obtain an appraisal of the value of the property to be conveyed to the American Legion.
9. On May 12, 1960 plaintiffs obtained from Sargent Dumper, M.A.I., an independent appraisal of the value of the subject premises as of the date of conveyance, * * *. Said appraisal set the fair market value of the property, as of April 19, 1956, at approximately $9,000.00."
*528 The following documents, among others, were submitted to the court for consideration in advance of the plaintiffs' motion for summary judgment:
Copy of Resolution by the Common Council of the City of Summit authorizing transfer of city-owned premises more particularly described therein, located at the intersection of Risk Avenue, Constantine Place and Passaic Avenue, to American Legion Post No. 138.
Copy of deed dated April 19, 1956 conveying said property from the City of Summit to the American Legion.
The resolution of the Common Council of the City of Summit, dated February 21, 1956, provides in effect that the vacant land in question is no longer needed for municipal purposes and, pursuant to N.J.S.A. 40:60-40.1, authorizes the execution of a deed to Summit Post No. 138 of the American Legion upon the payment of $10 to the city. The resolution further provides that the land conveyed shall be used only for the purposes of Post No. 138 of the American Legion and shall not be used for commercial, business, trade or manufacture, and if the land shall at any time be no longer used for the purposes for which it was conveyed, it shall revert back to the City of Summit.
The issue is whether there is a question of fact involved that would preclude the entry of summary judgment.
Art. VIII, Sec. III, par. 3 of the New Jersey Constitution of 1947 provides as follows:
"No donation of land or appropriation of money shall be made by the State or any County or Municipal Corporation to or for the use of any society, association or corporation whatever."
This provision in the 1947 Constitution was taken from the 1844 Constitution, as amended in 1875. The reason why this provision was put into the amendment of 1875 was because of a practice that had grown up, very largely in the West, in the furtherance of aid to railroads and other private corporations. Carr v. Merchantville, 102 N.J.L. 553, 555, 556 (Sup. Ct. 1926). This provision was to prohibit *529 governmental grants to railroads, and the basic test in determining whether it is violated is whether the municipal action under attack may fairly be characterized as a public one. Hoglund v. City of Summit, 28 N.J. 540, 548, 549 (1959).
N.J.S.A. 40:60-40.1 provides as follows:
"When the governing body of a municipality shall determine that all or any part of a tract of land, with or without buildings erected thereon owned by the municipality, is not then needed for municipal purposes, it may by resolution authorize the sale and conveyance of same or any part thereof to any nationally chartered organization or association of veterans of any war in which the United States has or shall have been engaged, for such consideration, and upon such conditions, terms and limitations as such body shall deem advisable; provided, however, that such lands or buildings shall be used only for the purpose of the organization or association of veterans and not for commercial business, trade or manufacture. If the property is no longer used for the purpose for which it was conveyed, it shall revert back to the municipality."
The plaintiffs contend, in effect, that this statute is unconstitutional as in violation of Art. VIII, Sec. III, par. 3, in that it authorizes a sale of land "for such consideration and upon such conditions terms and limitations" as the municipality shall deem advisable, and that this permits a municipality to convey land without adequate consideration, which is in effect a donation of land.
In determining the constitutionality of a statute we should consider certain fundamental principles, i.e., a state constitution, unlike the Federal Constitution, is not a grant but a limitation of legislative power. The state Legislature exercises a portion of the sovereign power residing in the people, subject to the limitations imposed by the Federal Constitution and the state constitution, and those so fundamental in the social compact as to be necessarily implied. A constitutional provision against the exercise of a particular power is in the nature of an exception, and a legislative enactment will not be declared void unless its repugnancy to the constitution is so manifest as to leave *530 no room for reasonable doubt. State v. Murzda, 116 N.J.L. 219 (E. & A. 1936). All presumptions favor the validity of legislative enactments. A statute should not be held unconstitutional unless its repugnancy to the constitution is so manifest as to leave no room for reasonable doubt. Behnke v. Highway Authority, 13 N.J. 14, 25 (1953); Stothers v. Martini, 6 N.J. 560, 567 (1951); Trustees of Rutgers College v. Richman, 41 N.J. Super. 259 (Ch. Div. 1956).
The court will not declare void an act of the Legislature for unconstitutionality when a construction can be given the act which will not have that effect. State v. Garden State Racing Association, 136 N.J.L. 173 (E. & A. 1947). The court has the duty to so construe a statute as to render it constitutional if it is reasonably susceptible to such a construction. Woodhouse v. Woodhouse, 17 N.J. 409 (1955).
Thus, it is evident that the constitutionality of an act of the Legislature is not to be determined by a consideration of verbal or rhetorical niceties, but must be judged on a broader basis and according to its effect as a whole. Lohan v. Thompson, 88 N.J.L. 40 (Sup. Ct. 1915). What is the effect of N.J.S.A. 40:60-40.1 as a whole? It does not provide for a donation of land. It provides for a sale and conveyance of land for such consideration as the municipality shall deem advisable, and that if the property should no longer be used for the purposes of the organization or association of veterans for which it was conveyed, it shall revert back to the municipality.
It has been stipulated that the City of Summit conveyed the premises in question for $10, although the appraised value was $9,000. It is conceded that the monetary consideration was inadequate, but the basic test is whether the municipal action under attack may be characterized as a public one. Hoglund v. City of Summit, supra. The fulfillment of a public purpose is adequate consideration to sustain a state donation or appropriation, and it is not essential *531 that the consideration meet the test of adequate consideration in the strict contract sense. Morris & Essex Railroad Co. v. City of Newark, 76 N.J.L. 555, 560 (E. & A. 1905); Trustees of Rutgers College v. Richman, supra.
While the construction of a statute or constitutional provision is a judicial function, courts may, in declaring their meaning and effect, avail themselves of the construction put upon them by the Legislature by long-continued custom and acquiescence. The unquestioned historical reason for Art. VIII, Sec. III, par. 3 was to prohibit governmental grants to railroads. Carr v. Merchantville, supra; Hoglund v. City of Summit, supra. While we have no previous judicial interpretation on the question under consideration, we have a number of very definite and positive legislative and executive interpretations. The State has taken similar action a number of times with reference to veterans organizations.
For example, N.J.S.A. 54:4-3.5 authorizes exemptions from taxation of real and personal property used by any organization composed entirely of veterans of any war of the United States. N.J.S.A. 40:60-40.2 authorizes the governing body of a municipality to sell and convey land to any organization or association of paraplegic veterans for a nominal price, to be used for the erection of homes for said veterans. R.S. 40:60-44 and 40:60-45 permit the governing body of a municipality to lease real estate to veterans organizations for the purposes of the organization, without cost or at a nominal rent for a period not exceeding 25 years, and the municipality may provide for the cost of clearing, filling, grading or improving the real estate. Apparently these statutes were not considered violations of the Constitution, which prohibits donations of land or money to or for the use of any society or corporation whatever.
This practical construction by the Governors and Legislatures is entitled to great weight even as to constitutional provisions. Whenever there is a debatable question as to *532 the proper construction of a statutory provision, the contemporaneous and long continued exposition exhibited in the usage and practice under it requires the construction thus put upon it to be accepted by the courts as the true one. Trustee of Rutgers College v. Richman, supra, 41 N.J. Super., at page 295; State v. Kelsey, 44 N.J.L. 1 (Sup. Ct. 1882); Fritts v. Kuhl, 51 N.J.L. 191, 200 (Sup. Ct. 1889); McNeal Pipe & Foundry Co. v. Lippincott, 57 N.J.L. 540 (Sup. Ct. 1895); Commonwealth Roofing Co. v. Riccio, 81 N.J. Eq. 486, 488 (E. & A. 1913); and this applies generally to the construction of the Constitution. In re Hudson County, 106 N.J.L. 62, 75 (E. & A. 1928).
The statute (N.J.S.A. 40:60-40.1) restricts the use of the property so conveyed for the purposes of the nationally chartered veterans organization receiving the property. Are such organizations engaged in public activities? This question was answered in the affirmative in the case of Allied Architects Ass'n of Los Angeles v. Payne, County Auditor, 192 Cal. 431, 221 P. 209, 30 A.L.R. 1029 (Cal. Sup. Ct. 1923). In this case the court held that the statute authorizing boards of supervisors to erect a memorial hall for the use of veterans of every war is not unconstitutional as involving a "gift" to an individual, municipal or other corporation in violation of Art. 4, § 31 of the California State Constitution, as the benefit conferred is but incidental to the paramount purpose of promoting patriotism. The court further held that the erection of a hall for the use of associations of veterans of every war would be for a public purpose which would not be defeated by restricting its use to said associations whose purpose is to promote patriotism. The court stated as follows at page 210:
"It is settled beyond question that the promotion of patriotism involving as it does the sense of self-preservation is not only a public purpose but the most elemental of public purposes. Veterans Welfare Board v. Riley, 188 Cal. 607, 206 Pac. 631; People v. Westchester Nat. Bank, 231 N.Y. 465, 132 N.E. 241, 15 A.L.R. 1344; Opinion of Justices, 211 Mass. 608, 98 N.E. 338."
*533 The court further stated (at page 211) that the occupancy and use of the building as a meeting place for those who honorably served their country in time of war, for the promotion and promulgation of patriotic principles and practices, is clearly a public and not a private purpose, and at pages 212-213 the court said:
"While it is true that the return anticipated is incorporeal and intangible it is nevertheless a very vital and valuable return to the state. The promotion and promulgation of patriotism upon which the state must rely for its own self preservation is in truth and in fact a good consideration for the thing granted by the state and justifies the extending the bounty of the State."
The act of Congress as amended, which permits the incorporation of the American Legion, may be found in the United States Code Annotated, Title 36, entitled "Patriotic Societies and Observances," and provides as follows:

"Chapter 3  The American Legion

Sec. 43  Purposes of corporation
The purpose of this corporation shall be: To uphold and defend the Constitution of the United States of America; to promote peace and good will among the peoples of the United States and all the nations of the earth; to preserve the memories and incidents of the two World Wars and the Korean hostilities fought to uphold democracy; to cement the ties and comradeship born of service; and to consecrate the efforts of its members to mutual helpfulness and service to their country."
This definitely sets out the patriotic purposes of the Legion. See Allied Architects Ass'n of Los Angeles v. Payne, County Auditor, supra.
Thus, it is the opinion of this court that the statute does not violate the Constitution. It authorizes the conveyance to veterans' organizations to be used for the purpose of the organization or association of veterans only, which purpose is patriotic and therefore public.
Plaintiffs argue that the resolution authorizing the conveyance to Summit Post No. 138 does not specify the use of the land for purposes in the interests of the citizens *534 of the city. The grant to the Legion contains a reverter clause upon failure to use the lands for Legion purposes. Assuming, therefore, that the American Legion should use the land for commercial purposes, then and in that event the land will revert to the city.
Furthermore, plaintiffs allude to the fact that the sale was made without public notice. Nowhere in N.J.S.A. 40:60-40.1 is there a requirement of public notice prior to a conveyance under the said statute, nor is there any provision in this statute which makes it subject to N.J.S.A. 40:60-26, relied on by plaintiffs as the basis for the requirement of notice. The conveyance was in accordance with the requirements of N.J.S.A. 40:60-40.1, and there is no constitutional provision which prohibits municipalities from making sales and conveyances unless public notice is given. This is left to the sound discretion of the Legislature.
A bargain and sale deed was executed on April 19, 1956 in pursuance to the resolution of the City of Summit, which resolution was adopted in pursuance to N.J.S.A. 40:60-40.1. The property was conveyed to the Legion for $10 to be used for the purposes of the organization and is to revert back to the city if it is used for commercial purposes. The property consisted of vacant land and was not needed for municipal purposes. Although the monetary consideration was inadequate, the presumption is that the property was to be used for a patriotic purpose which is considered a public purpose. Allied Architects Ass'n of Los Angeles v. Payne, supra.
The contents of the resolution were in compliance with the statute. Furthermore, there is a presumption of the validity of municipal action and there is the compulsory admonition of our State Constitution (Art. IV, Sec. VII, par. 11) which states that the provisions thereof and of any law concerning municipal corporations "shall be liberally construed in their favor." Ward v. Montgomery Township, 28 N.J. 529, 539 (1959); Moyant v. Paramus, 30 N.J. 528, 534 (1957).
*535 Summary judgment should not be used to defeat a litigant's right to a trial on the merits. It should be granted with much caution. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954); Monmouth Lumber Co. v. Indemnity Insurance Co. of North America, 21 N.J. 439 (1956).
In the Judson case, supra, the court said in 17 N.J., at pages 73 and 74:
"The role of the judge in that procedure is to determine whether there is a genuine issue as to a material fact, but not to decide the issue if he finds it to exist. See Asbill and Snell, Summary Judgment Under the Federal Rules, 51 Mich. L. Rev. 1143, 155 (1953). * * *
The standards of decision governing the grant or denial of a summary judgment emphasize that a party opposing a motion is not to be denied a trial unless the moving party sustains the burden of showing clearly the absence of a genuine issue of material fact. At the same time, the standards are to be applied with discriminating care so as not to defeat a summary judgment if the movant is justly entitled to one.
Thus it is the movant's burden to exclude any reasonable doubt as to the existence of any genuine issue of material fact. 6 Moore's Federal Practice, par. 56.15(3). The phrasing of our rule, R.R. 4:58-3, slightly different from Federal Rule 56(c), underscores this in the requirement that the absence of undisputed material facts must appear `palpably.' All inferences of doubt are drawn against the movant in favor of the opponent of the motion. The papers supporting the motion are closely scrutinized and the opposing papers indulgently treated. Templeton v. Borough of Glen Rock, 11 N.J. Super. 1, 4 (App. Div. 1950). And it is not to be concluded that palpably no genuine issue as to any material fact exists solely because the evidence opposing the claimed fact strikes the judge as being incredible. Arnstein v. Porter, 154 F.2d 464, 469 (C.C.A. 2, 1946)."
To the same effect are the rulings in Tanenbaum v. Sylvan Builders, 29 N.J. 63, 67 (1959) and Mazzilli v. Accident & Casualty Insurance Co., 26 N.J. 307, 319 (1958).
The question of fact is whether Summit Post No. 138 of the American Legion is using the property or will use the property for patriotic purposes. The burden *536 will be on the plaintiffs to prove that said property is not or will not be used for these purposes.
Under the circumstances, it is unnecessary to consider in detail at this time the question of laches. Whether or not the plaintiffs waited an unreasonable length of time before commencing this action is also a question of fact.
Therefore, the plaintiffs' motion for summary judgment is denied.