[No. 3284.   Sept. 19, 1929.]

WARD v. CITY OF ROSWELL et al.

[281 Pac. 28.]

John T. McClure and J. C. Gilbert, both of Roswell, for appellants.

Reese & Reese, of Roswell, for appellee.

## OPINION OF THE COURT

WATSON, J.  This is a taxpayer's suit to enjoin the furnishing of free water to the city officials of Roswell from its municipally owned plant under a motion or resolution passed by the city council, and recorded as follows:

"Alderman Bell moved that the city officials be given free water, seconded by Alderman Moore, and upon voting by roll call, those

voting for the motion, were: Aldermen Allison, Bailey, Bell, Moore and Singleton; those voting against the motion were: Aldermen Hall, Rose, Stilwell and Ward. There being five for the motion and four votes against, the motion was declared carried, by the Mayor."

The decree recites that a demurrer to the complaint was overruled, and the defendants given ten days to plead: that they failed to plead within said time, announced that they declined to plead, and would stand on their demurrer; that the court then heard the case upon its merits, and heard all evidence submitted in behalf of the plaintiff. The decree then incorporates findings of fact, and enjoins enforcement of the motion or furnishing of free water to city officials.

There is some contention as to the procedure. Appellants contend that some of the facts found are not within the pleadings, and cannot be considered in support of the decree. Appellee contends that, since appellants took leave to plead, they have waived the demurrer, and that their position here is as if they had not demurred, and that, having failed to bring up the evidence, the findings are conclusive.

As we see little in the findings to affect the questions really argued, we shall not concern ourselves with these contentions.

The demurrer, of course, was addressed to the sufficiency of the allegations of the complaint. We understand appellants to question their sufficiency on the following grounds: First, it does not appear that plaintiff is without other adequate remedy; second, it does not appear that he is threatened with substantial or irreparable injury; third, it does not appear that the adoption and operation of the motion were illegal.

The right of a taxpayer to sue to enjoin threatened devastavit of municipal funds or property is well established in this state. Asplund v. Hannett, 31 N. M. 641, 249 P. 1074, 58 A. L. R. 573. Such right would disappear if it must yield to objections such as one and two. It is argued by appellants that, if the action taken by the council is void, it leaves city officials still liable for water used,

leaves the city free to enforce the liability, and leaves appellee free to compel such enforcement by mandamus. Taxpayers' suits are exceptional. The remedy suggested does not preclude injunction. Nor need the taxpayer, in such suits, show greater or more irreparable injury than the public loss in which he shares.

Is the action of the council illegal? Appellants apparently contend that the council may dispose of the city water as it sees fit, subject only to statutory restrictions, and that the complaint charges no violation of chapter 47, Laws 1919, as amended by chapter 51, Laws 1925, the only statutory regulation pointed out. We do not think, however, that the council, in its capacity as trustee for the inhabitants, may make gift of the city property or exception to the rule of uniformity of rates, unless it can show authority of law.

Appellant relies upon Code 1915, § 3601, which provides that "the officers of cities shall receive such compensation and fees for their services as the council shall by ordinance prescribe." See, also, section 3590, providing:

"The city council shall, as early as their last regular meeting before an annual election, fix the salaries and fees of all the officers of said city, for the period of one year next ensuing the election and qualification of the officers elected at the next annual election."

The case does not require us to decide whether a city council might prescribe, as part of the compensation of city officials who are entitled to compensation, the free use of city water. It cannot at least do so by mere motion. Williams v. Tucumcari, 31 N. M. 533, 249 P. 106.

We find no reversible error in the judgment. It will therefore be affirmed and the cause remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.