BOROUGH OF ROCKAWAY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ROCKDEN AMERICAN LEGION, POST NO. 175, DEFENDANT-RESPONDENT.

Argued March 4, 1963—Decided March 18, 1963.

*Mr. Eugene M. Friedman* argued the cause for appellant.

*Mr. Paul Colvin* argued the clause for respondent.

The opinion of the court was delivered

PER CURIAM. In December 1949 the borough conveyed a tract of unimproved land to defendant under *N. J. S. A.* 40:60–40.1 which reads:

"When the governing body of a municipality shall determine that all or any part of a tract of land, with or without buildings erected thereon owned by the municipality, is not then needed for municipal purposes, it may by resolution authorize the sale and conveyance of same or any part thereof to any nationally chartered organization or association of veterans of any war in which the United States has or shall have been engaged, for such consideration, and upon such conditions, terms and limitations as such body shall deem advisable; *provided, however,* that such lands or buildings shall be used only for the purposes of the organization or association of veterans and not for commercial business, trade or manufacture. If the property is no longer used for the purpose for which it was conveyed it shall revert back to the municipality."

In the present action the borough sought a declaration that title had reverted because of nonuser for the purposes for which it was conveyed. The trial court found for defendant. We certified the borough's appeal before the Appellate Division acted upon it.

The conveyance was made in consideration of the payment of one dollar. On this appeal the borough urged for the first time that the statute, if construed to authorize a gift or transfer for a nominal consideration, violates *Art.* VIII, § 3, *par.* 3 of the *Constitution of New Jersey:*

"No donation of land or appropriation of money shall be made by the State or any county or municipal corporation to or for the use of any society, association or corporation whatever."

Defendant, desirous of obtaining a final adjudication, does not resist plaintiff's plea that we accept the additional issue thus projected.

The constitutional objection was rejected in *Hill v. Summit,* 64 *N. J. Super.* 522 (*Law Div.* 1960). No appeal was there prosecuted. The decision is questioned in 3 *Antieau, Municipal Corporations* § 20.17, *p.* 74 (1962). See generally 15 *McQuillin, Municipal Corporations* § 39.30, *pp.* 85–87 (*3d ed.* 1950).

We see no need to decide the constitutional issue. The reason is that the statute does not authorize a gift of public property or a transfer for a nominal consideration. Rather it authorizes a "sale," which is the antithesis of what here occurred. Nor can the power to give away public property be found in the phrase "for such consideration, and upon such conditions, terms and limitations as such body shall deem advisable." The statute at most reveals a legislative purpose to permit a private sale, *i. e.,* without bids or advertising, to an organization of the character described. The consideration must be a fair consideration in the light of the value of the property. We need not consider the impact of the use restriction and of the possibility of reverter upon the subject of fair consideration.

Hence there was an illegal gift of this property. Having reached that conclusion, we need not consider the remaining question whether, if the transfer were valid, there nonetheless was a reverter for nonuser.

The judgment is accordingly reversed with directions to enter judgment in favor of the borough in accordance with this opinion. No costs.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.