510 P.2d 523

Pamela and Carla Jan PETERSON, Plaintiffs and Appellants, Industrial Indemnity Company, Plaintiff in Intervention and Appellant,

v.

Robert A. FOWLER, Timber Structures, Inc., Schmidt Steel, et al., Defendants and Respondents.

No. 13011.

Supreme Court of Utah.

May 22, 1973.

Jackson B. Howard, of Howard & Lewis, Provo, for plaintiffs and appellants.

Wallace R. Lauchnor, of Bayle & Lauchnor, Salt Lake City, for plaintiff in intervention and appellant.

R. M. Child, of Ray, Quinney & Nebeker, Salt Lake City, Richard W. Campbell, of Olmstead, Stine & Campbell, Ogden, J. Anthony Eyre, of Kipp & Christian, Salt Lake City, for defendants and respondents.

ELLETT, Justice:

This case was before us last year[1] on an appeal by the plaintiffs from a summary judgment in favor of the architect and Lauren Burt, Inc., wherein most of the facts of the case were set out. Additional facts material to this appeal will be supplied herein.

A reading of the prior case will show that plaintiffs' decedent lost his life when a high suspended scaffold on which he was working broke, causing him and two others to fall. In the prior case this court sustained the summary judgment as to the architect, who had nothing to do with the erection or maintenance of the scaffold, and as to Lauren Burt, Inc., which was engaged at the time in the same employment as was the decedent.

After that ruling was made, the other defendants made motions for summary judgments, urging that the deceased was engaged at the time of his death in the same employment as were all of the remaining defendants. The trial court granted all motions, and the plaintiffs have again appealed.

---

1. Peterson v. Fowler, 27 Utah 2d 159, 493 P.2d 997.

We thought that we clearly defined what was required to constitute "same employment" in the prior case. We there said:[2]

> . . . [T]he idea of "same employment" was well known in connection with the fellow-servant rule of law prior to the enactment of the Workmen's Compensation Act. The term "same employment" as set out in our Workmen's Compensation Act should be given the meaning which had been attached to it under the cases decided up to that time.

\*    \*    \*    \*    \*    \*

To be fellow servants, they must be engaged in the same line of work and labor together in such personal relations that they can exercise an influence upon each other promotive of proper caution in respect of their mutual safety. They should be at the time of the injury directly operating with each other in the particular business at hand, or they must be operating so that mutual duties bring them into such co-association that they may exercise an influence upon each other to use proper caution and be so situated in their labor to some extent as to be able to supervise and watch the conduct of each other as to skill, diligence, and carefulness. When workmen are so engaged, we think they are working in the same employment.

The general contractor is immune from liability because of the provisions of our Workmen's Compensation Act. The defendant Timber Structures, Inc., was a subcontractor which placed the timbers in the dome of a large sports arena being constructed. The contractor requested it to insert certain eye-bolts in the hubs of the timbers as extra work. These bolts were inserted, and none of them fell out.

Lauren Burt, Inc., was a subcontractor engaged in placing ceiling tile on the inside of the dome after Timber Structures, Inc., had completed its work. At the time of entering into the subcontract to place the tile in the dome, Lauren Burt, Inc., was told it could use the scaffold left by Timber Structures, Inc. However, by agreement with the general contractor, the beams of the dome were put in place without the use of a scaffold. Lauren Burt, Inc., then had to devise its own method of performing its work. It contacted the defendant Sky Climber, Inc., which manufactured a square platform that could be raised and lowered by means of wires placed through the eye-bolts in the dome. It tested one of the bolts and installed the unit and gave instructions as to how it was to be operated by the workmen who would be upon it.

Sky Climber, Inc., directed the wire cables to be placed through the eye-bolts

2. 27 Utah 2d 163, 164, 493 P.2d 999.

and then extended somewhat laterally to the walls of the arena. There was no particularly extra stress on the bolts while the work was being done near the wall, but as the scaffold was moved toward the center of the dome, the lateral stress would be increased. The result was that when the workers were near the center of the dome, one of the eye-bolts broke, causing the men who were upon it to fall to their deaths.

Savage Scaffold and Equipment Company was the agent of Sky Climber, Inc., and simply a materialman to Lauren Burt, Inc.

The employees of Lauren Burt, Inc., of their own accord remodeled the platform and changed it from a rectangular shape to a diamond shape and also erected a superstructure upon it so as to enable them to better perform their work. Sky Climber, Inc., had nothing to do with this remodeling job.

■■ Under the definition of "same employment" as set out in the prior decision herein, none of the respondents was in the "same employment" with the deceased. However, it does not necessarily follow that the trial court's ruling should be reversed.

It is our duty to sustain the rulings made if it can be done even though it be upon a matter not urged upon appeal.[3]

■■ A summary judgment should be given where there is no material issue of fact in dispute and a party is entitled to judgment as a matter of law.[4] Under the undisputed facts of this case we can see no negligence on the part of Timber Structures, Inc., or of Savage Scaffold and Equipment Co., Inc., and the summary judgment in their favor should be and it is hereby sustained. There are unresolved questions of negligence on the part of Sky Climber, Inc., and of contributory negligence or assumption of the risk on the part of the deceased, which matters should be determined at trial.

The judgment is affirmed as to the defendants Timber Structures, Inc., and Savage Scaffold and Equipment Co., Inc., and reversed as to Sky Climber, Inc. Plaintiffs are entitled to costs as against Sky Climber, Inc. No other costs are awarded.

CALLISTER, C. J., and TUCKETT, J., concur.

HENRIOD and CROCKETT, JJ., concur in the result.

---

3. Limb v. Federated Milk Producers Association, 23 Utah 2d 222, 461 P.2d 290 (1969).

4. Rule 56, U.R.C.P.