**M. L. SEARS et al., Plaintiffs and Appellants,**

v.

**OGDEN CITY, a body politic, et al., Defendants and Respondents.**

No. 13647.

Supreme Court of Utah.

March 11, 1975.

Pete N. Vlahos, Vlahos & Gale, Ogden, for plaintiffs-appellants.

L. Kent Bachman, Ogden City Atty., Ogden, for defendants and respondents.

TUCKETT, Justice:

The plaintiffs initiated these proceedings in the District Court of Weber County for the purpose of contesting the validity of an ordinance passed by the Ogden City Council which closed and vacated a public street and made a gift of the property to the Board of Education of Ogden City. The plaintiffs also seek injunctive relief restraining the City from carrying out the ordinance. From an adverse ruling in the court below, the plaintiffs have appealed.

On July 27, 1973, the superintendent of the Board of Education of Ogden City forwarded a letter to the Ogden City Counsel, which requested that the City close and vacate 29th Street between Tyler Avenue and Harrison Boulevard. The matter was referred by the Council to the Ogden City Planning Commission and other agencies for valuation. On January 10, 1974, the Council of Ogden City adopted an ordinance which closed and vacated the street above referred to, and authorized its conveyance to the Board of Education of Ogden City.

It appears that the City Council proceeded pursuant to the provisions of Section 10-8-8.1, U.C.A.1953, in vacating the street, the language of which is as follows:

On petition by a person owning a lot in a city, praying that a street or alley in the immediate vicinity of such lot may be vacated, narrowed or the name thereof changed, the governing body of such city, upon hearing, and upon being satisfied that there is good cause for such change of name, vacation or narrowing, that it will not be detrimental to the general interest, and that it should be made, may declare by ordinance such street or alley vacated, narrowed or the name thereof changed. The governing body may include in one ordinance the change of name, or the vacation, or the narrowing of more than one street or alley.

The vacating of a public street for the purpose of disposing of it is questionable

as being a good cause and to the general interest of the city residents, however, we do not need to pursue that issue in these proceedings.

Section 10-8-2, U.C.A.1953, appears to be the only statute dealing with the authority of municipalities to dispose of property. The pertinent provisions of that section are as follows:

They may appropriate money for corporate purposes only, and provide for payment of debts and expenses of the corporation; may purchase, receive, hold, sell, lease, convey and dispose of property, real and personal, for the benefit of the city, both within and without its corporate boundaries, improve and protect such property, and may do all other things in relation thereto as natural persons, . . . .

 The statute above quoted authorizes a city to dispose of its property, real and personal, but it does not authorize a city to dispose of its property by gift. The property owned by a city is held by the city in trust for the use and benefit of its inhabitants and cannot be disposed of by gift without specific legislative authority. Even with respect to property held by a city in a proprietary capacity it is generally held that a municipality may sell or otherwise dispose of such property, in good faith and for an adequate consideration.[1] We are of the opinion that the above quoted statute falls short of giving to Ogden City the right to dispose of its property by gift.

The decision of the court below is reversed. No costs awarded.

HENRIOD, C. J., and MAUGHAN, J., concur.

ELLETT, Justice (dissenting):

I dissent. The questions presented to us by this appeal are set out in appellants' assignments of error, to wit:

Point I. Appellants have vested right in dedicated street.

Point II. Appellants were deprived of property rights without due process of law.

They did not claim that there was any error in giving the vacated street to the Board of Education.

The main opinion does not answer their contentions but pulls an unseen rabbit out of the hat in order to reverse the trial court. This should not be done. It is true that anything shown by the record may be considered in order to affirm a trial court[1] even though it is not raised. However, the converse is not true. We do not search the record in order to reverse the trial court. Even so, I do not think the City violated any law by giving the ex-dedicated street to the abutting landowner. The Board of Education owned all of the land abutting on both sides of the abandoned street. If the City had no right to give the land to the Board of Education because title reverted to the owner prior to dedication, then the Board would get nothing by the gift. Since these appellants do not claim any rights of reversion, they have no grounds to complain. We should determine the rights of the Board of Education to the land in a case to quiet title brought by one claiming a better title.

Whether a street should or should not be abandoned is to be determined primarily by consideration of its necessity or public utility.[2]

1. Borough of Rockaway v. Rockden American Legion Post No. 175, 39 N.J. 504, 189 A.2d 212; Ward v. City of Roswell, 34 N.M. 326, 281 P. 28; Buckhout v. City of Newport, 68 R.I. 280, 27 A.2d 317, 141 A.L.R. 1440; Anno. 141 A.L.R. 1447; Ogden City v. Bear Lake & R. W. W. & I. Co., 16 Utah 440, 52 P. 697; McQuillin, Municipal Corporations, Rev.Vol. 10, Secs. 28.37, et seq.

1. 5 C.J.S. Appeal and Error § 1464(1); Peterson v. Fowler, 29 Utah 2d 366, 510 P.2d 523 (1973).

2. In re Hull, 163 Minn. 439, 204 N.W. 534 (1925).

The street involved in this case ran through the campus of the Ogden High School, and the closing thereof did not deprive any of the plaintiffs of access to their property. It at most only required them to deviate a few hundred feet if they wished to go directly west and none at all for any other direction. The decision to vacate that part of the street which ran through the high school campus was based upon the public benefit as set out below:

1. It will improve the safety of vehicles and children on Harrison Boulevard by allowing relocation of the ball diamond and tennis courts so balls will not go into the boulevard with children going after them.

2. It will improve the flow of traffic by reducing the crossings at 29th Street and Harrison Boulevard where there is no traffic light, and moves the traffic to 28th and 30th Streets at Harrison Boulevard where traffic signals are located.

3. It will increase the safety of students and those home activities at Ogden High School by making it so they can get to school without crossing a public street.

4. It substantially increases the safety and convenience of students and faculty of Ogden High School by removing a public street from this campus allowing safe and easy access from the school to its other facilities.

5. It doesn't interfere with access to the other land east of the school or elsewhere.

The reasons given above are sufficient to justify the closing of the street, and plaintiffs have no basis for their claims of error in the court below. Whether the sole abutting landowner can use the abandoned street or whether it must purchase it from the City should not be considered in ascertaining whether the street can be abandoned and closed.

The general rule is that one whose property does not abut on the closed section has no right ordinarily to damages for vacation of a street if he still has reasonable access to the general system of streets.[3]

I would hold that the appellants have no vested rights in the abandoned portion of the street and have not been deprived of any property rights without due process of law.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of ELLETT, J.

---

3. See cases collected in 49 A.L.R. beginning at page 333; Robinett v. Price, 74 Utah 512, 280 P. 736 (1929).