ALLPHIN REALTY, INC., Plaintiff and Appellant,

v.

Wesley F. SINE, Defendant and Respondent.

No. 16036.

Supreme Court of Utah.

April 30, 1979.

---

Robert E. Froerer, Ogden, for plaintiff and appellant.

Ronald C. Barker, Salt Lake City, for defendant and respondent.

PER CURIAM:

The defendant executed a document prepared by the plaintiff which reads as follows:

> I Wesley F. Sine, agree to pay a commission of $60,000.00 minimum to Owner Realty Corp. *if the New House Hotel is sold* to any of the persons listed below or to their associates which is through the efforts of Owner Corp. Realty, either directly or indirectly. [Emphasis added.]

The plaintiff produced a prospective purchaser, (but not one set forth in the document), who offered to purchase the hotel for the sum of $1,200,000, subject to the following conditions: (1) physical inspection of defendant's books verifying gross business of $600,000 by the hotel in 1976, and an audit if desired, and (2) defendant to pay the buyer's normal closing costs. The offer was rejected and no sale was consummated.

Plaintiff contends that it produced a ready, willing and able purchaser of a price which defendant should have been willing to accept. The claim is that by rejecting the conditional offer, defendant caused plaintiff to lose its rightful $60,000 sales commission.

The trial court was of the opinion that the document in question was not a sufficient memorandum to satisfy the statute of frauds[1] and hence was unenforceable. Consequently, summary judgment was granted in favor of defendant.

Under the rules of appellate review, we affirm the trial court if we can do so on any proper ground even if the court below assigned an incorrect reason for its ruling.[2]

The complaint failed to state a cause of action by reason of the fact that the purported purchaser was not one of those set forth in the document and there was never any sale made. The commission was to be paid only in the case of a *sale* to one of the persons listed in the document.

The plaintiff drafted the document and it was incumbent upon it to comply therewith if it was to earn the stated commission. Had the language been in the usual form of real estate listings,[3] then there may well be merit to a claim for a commission even though the seller should refuse to consummate the sale. However, in the instant case, there was no agreement on the part of the defendant to accept the offer made, and since no sale was consummated, no commission was earned.

The plaintiff further contends that the purported purchaser was an *"associate"* of one of the purchasers named in the document, to wit: a brother. We need not decide whether the brother was an "associate" within the meaning of the document because the fact that no sale was made is controlling here.

The trial court is affirmed. Costs to defendant.

---

1. U.C.A., 1953, 25–5–4(5). The trial court concluded that the document did not contain the contemplated sales price and that parol evidence would not be admissible to establish such an essential term.

2. *Peterson v. Fowler*, 29 Utah 2d 366, 510 P.2d 523 (1973); 5 C.J.S. App. & Error § 1464(1).

*Limb v. Federated Milk*, 23 Utah 2d 222, 461 P.2d 290 (1969).

3. The usual case is that a commission is promised to be paid if a ready, able, and willing purchaser is produced who agrees to the price demanded by the seller.