FILED
United States Court of Appeals
Tenth Circuit

January 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THE PIONEER CRAFT HOUSE, INC., a
Utah nonprofit corporation in good
standing,

      Plaintiff - Appellant,

v.

CITY OF SOUTH SALT LAKE, a Utah
municipal corporation; SOUTH SALT
LAKE CITY ATTORNEY LYN
CRESWELL, an individual acting in his
individual capacity,

      Defendants - Appellees.

No. 16-4038
(D.C. No. 2:13-CV-00705-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

The Pioneer Craft House, Inc., ("Pioneer") sued the City of South Salt Lake

and City Attorney Lyn Creswell, asserting civil rights claims under 42 U.S.C. § 1983.

In response to defendants' motion to dismiss Pioneer's second amended complaint

for failure to state a claim, Pioneer moved for leave to file a third amended

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

complaint. The district court dismissed the second amended complaint, denied leave to amend, and entered judgment in defendants' favor. Pioneer argues on appeal that its proposed third amended complaint alleged sufficient facts to state a claim for relief under § 1983 and the district court therefore erred in denying its motion for leave to amend as futile. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

As alleged by Pioneer, in 2007 the City and Salt Lake County purchased real property commonly known as Pioneer Craft House ("Craft House"). In 2008, the City and Pioneer entered into a lease agreement under which Pioneer paid the City $1.00 per year for non-exclusive use of the Craft House premises ("2008 Lease"). In April 2012, defendants locked Pioneer out of the Craft House and terminated the 2008 Lease. Three months later, in July 2012, Pioneer entered into a new, one-year agreement with the City under which it agreed to pay a substantially higher monthly fee for the use of dedicated space in the Craft House. After the City notified Pioneer that it would not renew the 2012 one-year agreement, Pioneer filed this action challenging the April 2012 lockout and termination of the 2008 Lease as violating Pioneer's right to due process.

Defendants moved to dismiss Pioneer's second amended complaint for failure to state a claim. They argued that the 2008 Lease was ultra vires and unenforceable because it was entered into without a public hearing, as required by state law; consequently, Pioneer had no vested property interest in the Craft House and its § 1983 claim failed as a matter of law. Pioneer responded by seeking leave to amend

2

its complaint once again. It also filed a response to defendants' motion to dismiss the second amended complaint, arguing that its proposed third amended complaint stated a claim upon which relief could be granted.

The district court held that Pioneer never had a protected property interest in the Craft House because the 2008 Lease was void. It therefore dismissed Pioneer's second amended complaint for failure to state a claim under § 1983. The court also denied Pioneer leave to file its proposed third amended complaint, holding that amendment would be futile.

## II. Discussion

On appeal, Pioneer challenges only the district court's denial of leave to file its proposed third amended complaint.[1] "We ordinarily review a denial of a motion to amend a pleading for abuse of discretion. However, when denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1249 (10th Cir. 2009) (citations omitted).

To state a claim for relief under § 1983, Pioneer had to allege the deprivation of a federal right, action under color of state law—and in this case, a property interest sufficient to invoke procedural protections. *See Buckley Constr., Inc. v. Shawnee*

---

[1] The only issues Pioneer presents for review in its opening brief are (1) whether the proposed third amended complaint alleged sufficient facts to state a claim for relief and (2) whether the district court erred in holding that amendment was futile. *See* Aplt. Opening Br. at 7-8.

3

*Civic & Cultural Dev. Auth.*, 933 F.2d 853, 857 (10th Cir. 1991). Pioneer alleged that defendants locked it out of the Craft House and terminated the 2008 Lease without due process. In dismissing Pioneer's second amended complaint, however, the district court held that Pioneer lacked a protected property interest in the Craft House because the City entered into the 2008 Lease without holding a public hearing, making the lease void under Utah law. The court then concluded that Pioneer's new facts alleged in its proposed third amended complaint—that an attorney had determined and advised the mayor and city council that a public hearing was not required—were insufficient to establish a protected property interest. Thus, because the proposed third amended complaint would also be subject to dismissal, the court denied Pioneer's motion to amend as futile. *See Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001).

Pioneer has not demonstrated error in the district court's determination that amendment of its complaint would be futile. Section 10-8-2 of the Utah Code "deals with the authority of municipalities to dispose of property." *Salt Lake Cty. Comm'n v. Salt Lake Cty. Att'y*, 985 P.2d 899, 909 (Utah 1999). A municipality may lease real property "for the benefit of the municipality . . . if the action is in the public interest and complies with other law." Utah Code Ann. § 10-8-2(1)(a)(iii). The Utah Supreme Court has construed this statute as requiring adequate consideration. *See Sears v. Ogden City*, 533 P.2d 118, 119 (Utah 1975). This is so because "[t]he property owned by a city is held by the city in trust for the use and benefit of its inhabitants and cannot be disposed of by gift without specific legislative authority."

4

*Id.* "[A]dequate consideration" is that which "provide[s] present benefit that reflects the fair market value." *Salt Lake Cty. Comm'n*, 985 P.2d at 910 (internal quotation marks omitted).

A different subsection of § 10-8-2 provides that a municipality may "authorize municipal services or other nonmonetary assistance to be provided to or waive fees required to be paid by a nonprofit entity, whether or not the municipality receives consideration in return." *Id.* § 10-8-2(1)(a)(v). Importantly, this section states that a municipality may take these actions "after first holding a public hearing." *Id.* The district court held that this statute required the City to hold a public hearing before entering into the 2008 Lease, under which Pioneer—a non-profit entity—paid only $1.00 per year to use the Craft House premises. Pioneer does not dispute that the City failed to hold a public hearing on the 2008 Lease.

Because the City did not comply with § 10-8-2(1)(a)(v)'s hearing requirement, the district court held that the 2008 Lease was ultra vires and unenforceable. *See First Equity Corp. of Fla. v. Utah State Univ.*, 544 P.2d 887, 892-93 (Utah 1975) (holding that "municipal corporations are not bound by contracts made without authority or in excess of the [municipality's] power" and "the party actually dealing with the public entity is charged with the knowledge that the contract is ultra vires and unenforceable"). The district court reasoned that, because the 2008 Lease was void from the beginning, Pioneer never had a constitutionally protected right to

5

occupy the Craft House and consequently could not state a claim under § 1983 for deprivation of property.[2]

In seeking leave to amend to cure this deficiency, Pioneer pointed to allegations in its proposed third amended complaint regarding a former City Attorney's determination that a public hearing on the 2008 Lease was unnecessary. Pioneer quoted from the attorney's memo advising the mayor and city council regarding the proposed 2008 Lease:

> Usually, before the City can pay costs, provide free services or waive fees for another entity, state law requires a study of the benefits to be derived by the City, findings that the benefits meet specific criteria established in state law and a public hearing. *That is not the case with this particular transaction.* The legislature has predetermined that it is appropriate to spend public funds in support of the arts.

Aplt. App., Vol. 1 at 16 (internal quotation marks omitted). According to the proposed third amended complaint, the former City Attorney relied on Utah Code Ann. § 10-7-85 for this proposition. *See id.* That section provides:

> The governing body of any municipality may provide for and appropriate funds for the support of the arts, including music, dance, theatre, crafts and visual, folk and literary art, for the purpose of enriching the lives of its residents and may establish guidelines for the support of the arts.

In its motion for leave to amend, Pioneer argued these new allegations demonstrated that the City "*intended* to disregard" § 10-8-2. Aplt. App., Vol. 2 at 188. And in response to defendants' motion to dismiss, Pioneer argued that its new allegations

---

[2] The district court did not explain its holding that, in the absence of statutory authority, the 2008 Lease was void from the beginning as opposed to being voidable. *See Ockey v. Lehmer*, 189 P.3d 51, 56-57 (Utah 2008) (explaining the difference between void and voidable contracts). We need not determine whether the district court correctly decided this question because Pioneer does not challenge the district court's determination of this issue on appeal.

showed that, after determining that the 2008 Lease complied with § 10-7-85, the former City Attorney advised the City that state law did not require a public hearing. As alleged by Pioneer, the City then acted on the advice of counsel in approving and executing the 2008 Lease without a public hearing. *See id.* at 199-200.[3]

The district court concluded that Pioneer's new allegations were insufficient to establish it had a protected property interest in the Craft House. The court reasoned that the former City Attorney's "misguided advice is irrelevant as he, like the City, cannot abrogate the requirements of Utah Code § 10-8-2." *Id.* at 241. We agree. A lease entered into by the City without the requisite statutory authority is not otherwise enforceable by virtue of the City's reliance on counsel's faulty advice. Rather, "[n]o estoppel can be created by the acts of [a city's] agents or officers in excess of their statutory or constitutional powers." *First Equity Corp. of Fla.*, 544 P.2d at 892 (internal quotation marks omitted).

On appeal, Pioneer takes a different tack. It argues that, as alleged in the proposed third amended complaint, the 2008 Lease, together with the agreement under which the City and Salt Lake County purchased the Craft House property, constituted a complicated public-interest transaction that met and supplanted the requirements of § 10-8-2(1)(a)(v) "regarding 'municipal services or other nonmonetary assistance to be provided to or (waiver of) [sic] fees required to be paid

---

[3] In responding to defendants' motion to dismiss, Pioneer also asserted that the lease agreement complied with § 10-7-85, which gave the City clear legislative authority to support arts and crafts, such as those taught at the Craft House. *See* Aplt. App., Vol. 2 at 200-01. But Pioneer did not develop a legal argument that § 10-7-85 authorized the City to enter into the 2008 Lease without a public hearing.

7

by a nonprofit entity . . .'"  Aplt. Opening Br. at 20-21 (quoting Utah Code Ann. § 10-8-2(1)(a)(v)).  Pioneer contends that the alleged combination of transactions satisfied § 10-8-2(1)(a)(v) because it involved consideration from the county, municipal services provided by the City, and nonmonetary assistance to Pioneer via the $1.00-per-year lease of the Craft House premises (which, according to Pioneer, also resulted in no waiver of fees by the City).  *See* Aplt. Opening Br. at 20-21.  It then argues, without further elaboration, that "§ 10-8-2(1)(a)(v) simply did not apply to this complicated public interest . . . transaction."  *Id.* at 22.  In addition, Pioneer asserts that neither the Utah Supreme Court nor the state legislature mandates that a public transaction of this kind be preceded by a public hearing.  For this proposition, Pioneer cites a Utah Supreme Court case that did not involve application of § 10-8-2(1)(a)(v), and in which a public hearing *was held*, *see Price Dev. Co. v. Orem City*, 995 P.2d 1237, 1240 (Utah 2000), and several state statutes *other than* § 10-8-2(1)(a)(v).

The immediate problem with these contentions is that Pioneer did not raise them in the district court.  As noted, Pioneer argued below that the City intended to disregard § 10-8-2, as evidenced by a former City Attorney's determination that the 2008 Lease complied with a different statute and the City's reliance on the advice of its counsel in entering into the lease without a public hearing.  The district court considered and rejected this argument as failing to demonstrate that the allegations in the proposed third amended complaint showed that Pioneer had a protected property

8

interest based on the 2008 Lease.  Pioneer does not repeat its district-court contentions in its opening brief, electing to assert a different legal theory on appeal.

"Where, as here, a plaintiff pursues a new legal theory for the first time on appeal, that new theory suffers the distinct disadvantage of starting at least a few paces back from the block. . . . [I]f the theory simply wasn't raised before the district court, we usually hold it forfeited."  *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011).  "[W]e will entertain forfeited theories on appeal, but we will reverse a district court's judgment on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result."  *Id.* at 1128.  We need not recite and apply the standard for demonstrating plain error because Pioneer makes no attempt to satisfy it, having failed even to acknowledge that its contentions are raised for the first time on appeal.  "[T]he failure to argue for plain error and its application on appeal [] marks the end of the road for an argument for reversal not first presented to the district court."  *Id.* at 1131.  Consequently, Pioneer has not demonstrated error in the district court's denial of its motion for leave to amend its complaint.

## III.    Conclusion

The judgment of the district court is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge

9